968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aaron HOLSEY, Plaintiff-Appellant,
v.
Gene D. SHIVES, Individually and as Assistant
Warden-Security, at the Correctional Institution located at
Hagerstown, Maryland (the M.C.I.); Albert Davis,
Individually and as a Classification Counselor at the
Correctional Institution located at Hagerstown, Maryland;
L. L. Ross, Individually and as a Guard to the Correctional
Institution at Hagerstown, Maryland, Defendants-Appellees.
 No. 91-7335.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 28, 1992
Decided: July 13, 1992
 
 Aaron Holsey, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Ronald Mark Levitan, Assistant Attorney General, Audrey J. S. Carrion, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Aaron Holsey appeals the jury verdict against him in this 42 U.S.C. § 1983 (1988) action alleging that Defendant Ross failed to take reasonable steps to protect Holsey from assaults by other inmates. Finding no error, we affirm.
 
 
 2
 Holsey challenges the jury's verdict on the following grounds: (1) the jurors were prejudiced because they knew he had participated in a similar trial the preceding day; (2) the judge told the jurors that there had been no destruction of institutional log books; (3) the court dictated the order of witnesses so that Defendant heard the testimony of most other witnesses before he testified; (4) the court erred when it permitted the introduction of photographs of cell doors because the photographs reflected the doors after they had been improved upon; (5) the court failed to provide Holsey discovery of all documents that he wished to submit at trial, while the defense was allowed to present "surprise" documents at trial; (6) prior to the presentation of evidence, the defense moved for a directed verdict; (7) the marshals lied about serving two witnesses with subpoenas; and (8) for approximately one week prior to trial, Holsey was denied papers essential to the preparation of his case. Having carefully reviewed the record and other materials, we find that these contentions do not warrant relief and that the case does not present a substantial question warranting the preparation of a transcript at government expense.* See 28 U.S.C. § 753(f) (1988).
 
 
 3
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The motions for preparation of a transcript at government expense and for appointment of counsel are denied.
 
 AFFIRMED
 
 
 *
 At our request, the parties also submitted argument regarding the district court's instructions on the state of mind required to establish an Eighth Amendment violation. Upon further consideration of this issue in light of the record, we find that the instruction did not amount to plain error resulting in a miscarriage of justice